**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BRET SCHYVINCHT, | ) | |
| | ) | Case No. 3:18-cv-50286 |
| Plaintiff, | ) | |
| | ) | (Removed from the 23rd Judicial |
| v. | ) | Circuit Court of DeKalb County, |
| | ) | Case No. 2018 L 000060) |
| MENARD, INC., d/b/a MENARDS | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Defendant. | ) | |
| | ) | **JURY DEMAND** |

**DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

NOW COMES the Defendant, MENARD, INC. ("Menard"), by and through its attorneys, Ottosen Britz Kelly Cooper Gilbert & DiNolfo, Ltd., and for its Motion for Entry of Protective Order pursuant to Federal Rules of Civil Procedure 26(b), 26(c) and 30(d)(3), states as follows:

1. This matter arises from an incident at a retail location owned and operated by Menard in Sycamore, Illinois, in which the plaintiff, BRET SCHYVINCHT ("Plaintiff"), alleges Defendant's employees accidentally hit him in the head with a long piece of lumber.

2. Both Parties have exchanged written discovery responses and have begun oral discovery by taking the depositions of Plaintiff, his two parents, and a Menard employee who was working at the Sycamore location at the time of the incident.

3. Additionally, Plaintiff has inquired into scheduling depositions of four other local Menard team members, including Pete Paulson, the receiving yard manager.

4. Plaintiff has also served upon Menard a Notice of Video Deposition(s) Pursuant to Rule 30(b)(6) ("Notice"), seeking to depose "one or more officers, directors,

agents or other representatives . . . regarding all information known or reasonable available to MENARDS with respect to the subject matters identified in Exhibit A." *See* Exhibit 1 – Notice.

     5.     The Notice instructed the deponent to be prepared to discuss the following subjects:

     A.  MENARDS's knowledge as to any facts of the 8/14/16 Incident.

     B.  MENARDS's investigation into the facts, cause, and injuries incurred by Plaintiff in the 8/14/16 Incident.

     C.  MENARDS's position or opinion that Plaintiff was not exercising due care for his own safety at the time of the 8/14/16 Incident.

     D.  MENARDS's position or opinion that someone other than Gerardo Ibarra was responsible or Plaintiff's injuries incurred as a result of the 8/14/16 Incident.

     E.  All training provided to Gerardo Ibarra with regard to safe handling of lumber at the Sycamore Store.

     F.  Gerardo Ibarra's duties and responsibilities on August 14, 2016 with respect to the safe handling of lumber.

     G.  All rules, policies or procedures in effect at the Sycamore Store on August 14, 2016 intended to protect consumer members of the public from being struck by lumber.

     H.  All rules, policies or procedures in effect at the Sycamore Store on August 14, 2016, which MENARDS employees were required to follow and which were intended to protect employees or consumer members of the public against personal injury.

     I.  All efforts of MENARDS to protect consumers against being struck by lumber being handled by MENARDS employees, both before and after August 14, 2016.

     6.     The topics identified in the Notice are inappropriate for a video deposition under the Federal Rules of Civil Procedure, because they involve hearsay testimony, legal theories, and duplicative testimony.

7. Specifically, Topics "C" and "D" call for Menard's "position or opinion" on matters relating to its defense against Plaintiff's allegations.

8. Including these topics in the Notice is tantamount to requesting Menard's "mental impressions, conclusions, opinions and legal theory," all of which would be protected from disclosure as attorney work product. *JP Morgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002).

9. The purpose of a 30(b)(6) deposition is "to discover facts, <u>not contentions or legal theories</u>, which, to the extent discoverable at all prior to trial, must be discovered by other means." *JP Morgan Chase Bank*, at 362 (*emphasis added*).

10. If Menard's corporate representative, without legal training, is forced to opine on these topics at a 30(b)(6) deposition, he or she would be putting on Menard's case in chief, long before trial. *See Integra Bank Corp. v. Fideltiy and Deposit Co. of Maryland*, 2014 WL 109105, *3 (S.D. Ind.).

11. Topics "A" and "B" in the Notice demand testimony from a corporate representative about the facts of the underlying incident and any subsequent investigation.

12. Testimony regarding Topics "A" and "B" is more appropriate from both Gerardo Ibarra and Pete Paulson—who were involved during or following the incident—than from a corporate representative.

13. A corporate representative of Menard—working in Eau Claire, Wisconsin—would lack the personal knowledge necessary to testify on the specific facts regarding the incident, thus making his or her testimony hearsay. *See Sara Lee Corp. v.*

3

*Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011) (deponent must have personal knowledge on topic).

14. Moreover, once the depositions of Ibarra and Paulson are completed, any testimony from a corporate representative on those same topics would be unreasonably duplicative.

15. Deposing Ibarra and Paulson, who live and work locally, regarding Topics "A" and "B" would be much more convenient and less burdensome than deposing a corporate representative from Wisconsin.

16. Similarly, Topics "E" and "F" seek testimony from a corporate representative regarding Ibarra's individualized training and duties, while Topics "G," "H," and "I" seek corporate regarding particular rules, policies, and procedures of the Sycamore location.

17. While a corporate representative would have knowledge of the general rules, policies, and procedures promulgated on all Menard locations, as well as the training and duties of all Menard employees, that representative would have no personal knowledge on how those directives were carried out in Sycamore, especially in regard to one employee.

18. By contrast, Ibarra is perfectly equipped to testify regarding his own training and duties, as is his manager, Paulson, who is also perfectly qualified to testify about the rules, policies, and procedures of the Sycamore store.

19. This Court may limit the scope of Plaintiff's requested 30(b)(6) deposition as provided in Rule 26(c). Fed. R. Civ. Pro. 30(d)(3)(B).

20. Rule 26(c) states that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Pro. 26(c)(1)(D).

21. Additionally, Rule 26(b) states that "the court <u>must</u> limit the frequency or extent of discovery [if] the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. Pro. 26(b)(2)(c) (*emphasis added*).

22. As stated above, Plaintiff's inquiry into legal contentions and theories (Topics "C" & "D") is oppressive and would unduly burden Menard into revealing its protected legal impressions.

23. Also, Plaintiff's inquiry into facts surrounding the incident and localized rules, policies, procedures, training, and duties (Topics "A," "B," "E," "F," "G," "H," and "I") are unreasonably cumulative and duplicative, because those same topics will be discussed with Ibarra and Paulson in their depositions, thus providing more convenient and less burdensome alternative sources of the information, who would also have personal knowledge on the topics, unlike a corporate representative.

24. Menard has in good faith conferred with Plaintiff personally to reduce the scope of these deposition topics, but Plaintiff has refused.

WHEREFORE, the Defendant, MENARD, INC., requests that this Honorable Court enter a protective order pursuant to Federal Rules of Civil Procedure 30(d)(3) and 26(c), limiting the scope of Plaintiff's 30(b)(6) deposition of a corporate representative as follows:

A. Striking completely Topics "A," "B," "C," "D," "E," and "F," as listed in Exhibit A of Plaintiff's Notice of Deposition;

B. Limiting the scope of Topics "G," "H," and "I," as listed in Exhibit A of Plaintiff's Notice of Deposition, to rules, policies, procedures, and efforts of Menard generally.

                                  Respectfully submitted,

                                  **OTTOSEN BRITZ KELLY COOPER GILBERT & DINOLFO, LTD.**

                                  */s/ W. Anthony Andrews*

                                  One of Its Attorneys

W. Anthony Andrews (ARDC No. 6217267)
Ryan R. Morton (ARDC No. 6327355)
OTTOSEN BRITZ KELLY COOPER
GILBERT & DiNOLFO, LTD.
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
(630) 682-0085 – Phone