# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| Bret Schyvincht, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 18 CV 50286 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Menard, Inc., d/b/a Menards, | ) | |
| | ) | |
| *Defendant*. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant's motion for protective order [52]. Defendant requests that this Court enter a protective order striking Topics A, B, C, D, E, and F in Exhibit A of Plaintiff's Notice of Rule 30(b)(6) Deposition and limiting Topics G, H, and I to rules, polices, procedures, and efforts of Defendant generally. Dkt. 52 at 6. For the following reasons, Defendant's motion for protective order [52] is granted in part and denied in part. Defendant's motion is granted in part with respect to Topics C and D and is denied as to the remainder of the Topics.

## I. BACKGROUND

This case stems from an incident on August 14, 2016 at the Menards Sycamore Store where Plaintiff was struck in the head by a piece of lumber. Dkt. 1 Ex. A. The case originated in the Circuit Court of the 23rd Judicial Circuit, DeKalb County, Illinois and was removed to this Court on August 30, 2018. Dkt. 1. On March 15, 2019, Plaintiff served a Notice of Video Deposition(s) Pursuant to Rule 30(b)(6). Dkt. 46. The Notice asked Defendant to identify and produce a witness or witnesses to provide testimony on the following topics:

A. MENARDS's knowledge as to any facts of the 8/14/16 Incident.
B. MENARDS's investigation into the facts, cause, and injuries incurred by Plaintiff in the 8/14/16 Incident.
C. MENARDS's position or opinion that Plaintiff was not exercising due care for his own safety at the time of the 8/14/16 Incident.
D. MENARDS's position or opinion that someone other than Gerardo Ibarra was responsible for Plaintiff's injuries incurred as a result of the 8/14/16 Incident.
E. All training provided to Gerardo Ibarra with regard to safe handling of lumber at the Sycamore Store.
F. Gerardo Ibarra's duties and responsibilities on August 14, 2016 with respect to the safe handling of lumber.
G. All rules, policies or procedures in effect at the Sycamore Store on August 14, 2016 intended to protect consumer members of the public from being struck by lumber.

H. All rules, policies or procedures in effect at the Sycamore Store on August 14, 2016, which MENARDS employees were required to follow and which were intended to protect employees or consumer members of the public against personal injury.

I. All efforts of MENARDS to protect consumers against being struck by lumber being handled by MENARDS employees, both before and after August 14, 2016.

Dkt. 52 Ex. 1.

Defendant moved for entry of a protective order on June 24, 2019. Dkt. 52. Plaintiff responded on June 26, 2019. Dkt. 56. This Court held a motion hearing and heard oral arguments on July 1, 2019. Dkt. 58.

## II. DISCUSSION

Federal Rule of Civil Procedure 30(b)(6) addresses deposition discovery directed to a corporation. It states that a deposition notice "must describe with reasonable particularity the matters for examination[,]" and the corporation "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." FED R. CIV. P. 30(b)(6). Then, the corporation must prepare the designated person so that he/she can "testify about information known or reasonably available to the organization." *Id.*

The scope of Rule 30(b)(6) is limited by Rule 26 which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). Rule 26 also allows a court, upon a showing of good cause, to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). Finally, Rule 26 requires that the court must limit the frequency or extent of discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

The party seeking the protective order must show good cause by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *EEOC v. Source One Staffing, Inc.*, No. 11 C 6754, 2013 WL 25033, at *3 (N.D. Ill. Jan. 2, 2013) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC*, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012).

Defendant argues that the topics designated by Plaintiff are inappropriate for a Rule 30(b)(6) deposition because they involve "hearsay testimony, legal theories, and duplicative testimony." Dkt. 52 at 2. Defendant provides more specific arguments for groups of topics. The Court addresses each argument in turn.

**Topics C and D**

Defendant argues that Topics C and D should be stricken because they 1) call for Defendant's "position or opinion" on its legal defenses and 2) would infringe on protected work product. Plaintiff argues in response that numerous courts have ruled that a Rule 30(b)(6) notice of deposition that seeks the "factual bases for another party's claims or defenses is proper." Dkt. 53 at 3. However, at oral arguments, this Court asked Plaintiff's counsel if he was seeking strictly the factual bases for any of Defendant's affirmative defenses. He replied that he was seeking both the underlying facts and Menards's opinion on the matters set forth in the deposition notice.

Plaintiff's Notice requests a Rule 30(b)(6) witness to address: "C. MENARDS's position or opinion that Plaintiff was not exercising due care for his own safety at the time of the 8/14/16 Incident." Dkt. 52 Ex. 1. As drafted, Topic C impermissibly seeks a legal conclusion. Questions seeking a legal conclusion from a lay person exceed the permissible scope of a Rule 30(b)(6) deposition. *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, No. 2:15-CV-3023, 2018 WL 3358641, at *11 (S.D. Ohio July 10, 2018); *see also Stowers v. Supreme Court of Appeals of W. Va.*, No. 2:18-CV-00560, 2019 WL 2319305, at *1 (S.D. W. Va. May 29, 2019) (Proposed topics that ask the witness to offer a legal opinion are inappropriate inquiries for a Rule 30(b)(6) deposition); *Olsen-Ivie v. K-Mart*, No. 2:17-cv-00255-DB-PMW, 2018 U.S. Dist. LEXIS 24194, at *1–2 (D. Utah Feb. 12, 2018) (Questions intended to illicit 30(b)(6) deponent's legal opinion or analysis of claims or defenses including negligence, intervening cause and assumption of risk are improper).

Plaintiff cites *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853 (N.D. Ill. July 19, 2001) for the proposition that legal opinions are appropriate Rule 30(b)(6) topics. The Court in *Canal Barge* did not set forth the specific topics that were at issue. However, it did summarize the topic as "inquiries into ComEd's position that the work performed on the barges was not maintenance[.]" *Id.* at *2. The Court noted that these inquiries were "quite fact-specific[.]" *Id.* Unlike the "fact-specific" Rule 30(b)(6) topics at issue in *Canal Barge*, Topic C does not seek facts but only a legal opinion as to whether Plaintiff was exercising "due care" for his safety. Due care is a legal term of art, and as such Topic C impermissibly seeks a legal opinion from a lay witness.

Similarly, Topic D requests "MENARDS's position or opinion that someone other than Gerardo Ibarra was responsible for Plaintiff's injuries incurred as a result of the 8/14/16 Incident." Dkt. 52 Ex. 1. As drafted, Topic D also requests a legal opinion as opposed to underlying facts. Black's Law Dictionary defines "responsibility" as the "quality, state, or condition of being answerable or accountable; Liability." *Responsibility*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Liability," in turn, means the "quality, state, or condition of being

legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment." *Liability*, BLACK'S LAW DICTIONARY (11th ed. 2019). Courts have treated questions directed to a party's legal responsibility or liability as improper. *See, e.g.*, *Turubchuk v. E. T. Simonds Constr. Co.*, No. 3:12-CV-594-SMY-DGW, 2015 WL 5725159, at *4 (S.D. Ill. Sept. 30, 2015) (finding that various requests to admit, as to whether the defendant "was liable" to the plaintiff in a previous case and the defendant's "legal responsibilities," were improper because they were seeking legal conclusions); *Tarpoff v. United States*, No. 09-CV-00411 DRH, 2011 WL 1205731, at *4 (S.D. Ill. Mar. 10, 2011) (allowing questioning of a lay witness's corporate responsibility but not legal responsibility). The Court concludes that Topics C and D improperly seek a legal opinion and as such are improper Rule 30(b)(6) topics. Therefore, Defendant's motion for protective order is granted with respect to Topics C and D.

Should Plaintiff wish to determine Menards's legal position regarding whether Plaintiff or some third party was responsible for Plaintiff's injuries, such inquiry is better suited as a contention interrogatory. *See, e.g.*, *Canal Barge*, 2001 WL 817853, at *6 (Whether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination.); *see also Source One Staffing*, 2013 WL 25033, at *7; *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *9–10 (N.D. Ill. Jan. 24, 2000). This is especially appropriate in this case where no clear affirmative defense has been plead.

**Topics A and B**

Defendant argues that Topics A and B should be stricken because a corporate representative would lack personal knowledge of the incident and thus his/her testimony would amount to hearsay. This objection misunderstands the purpose of Rule 30(b)(6). Rule 30(b)(6) states that "persons designated must testify about information known or *reasonably available* to the organization." FED. R. CIV. P. 30(b)(6) (emphasis added). Thus, Rule 30(b)(6) does not require that the deponent have personal knowledge of the matters to which he/she testifies; this is true because a Rule 30(b)(6) deponent presents the knowledge, opinions or positions of the corporation, not the deponent. *Canal Barge*, 2001 WL 817853, at *1. If the deponent lacks personal knowledge, the corporation must educate the deponent so that he/she can testify knowledgeably about matters within the organization's corporate knowledge. Preparing the deponent includes providing him/her with documents, present or past employees, or other sources of information to review. *See, e.g.*, *Indus. Eng'g & Dev. v. Static Control Components, Inc.*, No. 8:12-cv-691-T-24-MAP, 2014 U.S. Dist. LEXIS 141823, at *7–8 (M.D. Fla. Oct. 6, 2014).

Defendant relies on *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011) for the proposition that requiring a Rule 30(b)(6) deponent to testify on matters outside his personal knowledge would amount to impermissible hearsay. This argument is without merit. The Court in *Sara Lee Corp.* was asked to decide whether and to what extent a 30(b)(6) deposition could be read in as testimony at trial. It did not rule that hearsay was a valid objection to the taking of a Rule 30(b)(6) deposition.[1] Certainly, it is not. Hearsay is generally

---

[1] Moreover, the Court in *Sara Lee Corp.* explicitly stated that a Rule 30(b)(6) witness may testify not only to matters within his personal knowledge but also to matters known or reasonably available to the organization. *Id.* (internal

discoverable under Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Therefore, the Court rejects Defendant's argument that Topics A and B should be stricken because a corporate representative would lack personal knowledge of the incident and thus would make his/her testimony hearsay.

### Topics E–I

Defendant requests that Topics E and F be stricken and Topics G, H, and I be limited to the rules, policies, procedures, and efforts of Menards generally. Defendant argues that a corporate representative would have no personal knowledge of how Menards' rules, policies, and procedures were carried out in the Sycamore store or what training was provided to a particular employee. As set forth above, a corporate representative does not have to have personal knowledge but must testify to "information known or reasonably available to the organization." FED R. CIV. P. 30(b)(6).[2] The Court finds that Defendant has not shown good cause for a protective order to strike Topics E and F or to limit Topics G, H, and I.

### General Burdensome Objection

Finally, Defendant broadly argues that the Court should limit the scope of the Rule 30(b)(6) deposition because topics A, B, E, F, G, H, and I are unreasonably cumulative and duplicative, and obtainable from individual depositions that are more convenient and less burdensome. "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" FED. R. CIV. P. 26(b)(2)(C). It is cautioned, however, that "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotation marks and citations omitted).

After reviewing the totality of the circumstances, the Court declines to limit the scope of the Rule 30(b)(6) deposition for these topics. In its motion, Defendant solely relies on the conclusory statement that "those same topics will be discussed with Ibarra and Paulson in their depositions[.]" Dkt. 52 at 5. However, the testimony of a witness noticed as an individual does not bind an entity as a Rule 30(b)(6) witness does. "Thus, the fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)6) deposition on the same subject." *Sabre v. First Dominion Capital, LLC*, No. 01 CIV. 2145 (BSJ)(H., 2002 WL

---

citations omitted); *see also Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F.Supp.3d 917, 921 (N.D. Ill. Sept. 19, 2014) ("a Rule 30(b)(6) witness may testify both in a deposition and at trial to matters as to which she lacks personal knowledge, notwithstanding the requirements of Federal Rule of Evidence 602.").

[2] In its motion, Defendant also cites to FED. R. CIV. P. 30(d)(3)(B). Rule 30(d)(3) states that "[a]t any time *during a deposition*, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED R. CIV. P. 30(d)(3)(A) (emphasis added). Because Defendant's motion for entry of protective order was not filed during a deposition, Rule 30(d)(3) does not apply.

31556379, at *2 (S.D.N.Y. Nov. 15, 2002); *see also Smith v. General Mills, Inc.*, No. C2 04-705, 2006 U.S. Dist. LEXIS 19093, at *15–18 (S.D. Ohio Apr. 13, 2006) (collecting cases). Further, Plaintiff's counsel stated at the motion hearing that taking one Rule 30(b)(6) deposition could decrease the overall number of depositions Plaintiff would seek to take, making the litigation less burdensome and less expensive. Defendant, on the other hand, did not identify any burdens to outweigh the value of the Rule 30(b)(6) deposition sought. Therefore, in considering the totality of the circumstances, the Court declines to limit Topics A, B, E, F, G, H, and I of the Rule 30(b)(6) deposition.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for entry of protective order [52] is granted in part and denied in part. Defendant's motion is granted with respect to Topics C and D and denied in all remaining respects.

Date: July 10, 2019

By: *Lisa A. Q____*

Lisa A. Jensen
United States Magistrate Judge